IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

```
FILED
IN OPEN COURT
JUL 24 2019
CLERK, U.S. DISTRICT COURT
NORFOLK, VA
```

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 2:19cr118 |
| FORREST SEWER PUMP ) | |
| SERVICE, INC., ) | |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT

G. Zachary Terwilliger, United States Attorney for the Eastern District of Virginia, and Joseph L. Kosky, Assistant United States Attorney, along with the defendant, FORREST SEWER PUMP SERVICE, INC. (FORREST SEWER), represented by attorney Gary Bryant, have entered into a plea agreement pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

**1. Offense and Maximum Penalties:**

The defendant agrees to waive indictment and plead guilty to a one count Criminal Information. The information charges the defendant with the knowing introduction of trucked and hauled pollutants (*i.e.*, wastewater and grease) into the Hampton Roads Sanitation District sewage treatment system, a publicly owned treatment works (POTW), via undesignated discharge points, in violation of the Clean Water Act National Pretreatment Standards specific prohibition under 40 C.F.R § 403.5(b)(8) against introducing trucked or hauled pollutants at discharge points that were not designated as such by the POTW, on numerous occasions and locations, from in and around 2014 (specific date unknown) to on or about July 21, 2016, in violation of 33 U.S.C. § 1319(c)(2), and 18 U.S.C. § 2.

The maximum penalties for the count of conviction are: (a) at least one but no more than five years of probation; (b) a minimum fine of $5,000 and a maximum fine of $50,000 per day of violation, or $500,000 per count, or an amount not greater than twice the gross gain or loss from the offense; and (d) a $400 special assessment per count. 33 U.S.C. §1319(c)(2), and 18 U.S.C. §§ 3013, 3561, and 3571(c).

### 2. Sentencing Guidelines

The United States and FORREST SEWER agree that the 2018 United States Sentencing Commission Guidelines Manual will be used in this case.

The United States and defendant FORREST SEWER further agree that the provisions of Chapter 8 of the United States Sentencing Guidelines, which pertain to fines imposed on organizational defendants such as FORREST SEWER do not apply to environmental offenses, including Clean Water Act violations. *See* Title 18, United States Code, Sections 3553 and 3572 and U.S.S.G. Sections 8C2.1, Background, and 8C2.10.

The United States and FORREST SEWER further agree that the remaining provisions of Chapter 8 of the Sentencing Guidelines apply to corporate defendant FORREST SEWER.

### 3. The Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States and the defendant agree to jointly recommend that the sentence to be imposed by the Court shall include the following components.

(a) Imposition of a $50,000 fine, authorized under the Alternative Fines Act, 18 U.S.C. § 3571(d), of which $10,000 shall be paid to the Clerk, United States District Court, at the time of sentencing; defendant shall pay the remainder fine amount, in yearly installments no less than

2



$10,000 until the fine is paid in full, within the term of probation imposed by the court.

    (b) Placement of FORREST SEWER on probation for five years on the terms and conditions contained in paragraph 4 below;

    (c) The parties agree that restitution is inapplicable.

    (d) Special Assessment -- Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of $400.00.

    (e) Early Termination of Probation -- If FORREST SEWER fully complies with probation, pays the fine in full, and establishes a satisfactory Environmental Compliance Program, the United States will not object to a motion by FORREST SEWER to terminate probation after FORREST SEWER has served a minimum of three years of probation.

The parties understand that these recommendations are not binding on the Court, and that the defendant has no right to withdraw the plea if the court does not follow the recommendation or requests proposed here.

### 4. Conditions of Probation

As part of its conditions of probation, FORREST SEWER agrees to the following:

#### A. Environmental Compliance Program

FORREST SEWER acknowledges that the United States Sentencing Guidelines require the Court to determine whether a defendant has an effective program to detect and prevent violations of law pursuant to Chapter 8, Section 8B2.1, and Section 8C2.5(f). Accordingly, FORREST SEWER will develop and implement an Environmental Management System (EMS) at its facility which satisfies this requirement.

FORREST SEWER will submit an outline and schedule of its plan to develop and



implement the EMS, including time lines and milestones with applicable dates, to the Court for review and approval at sentencing. The U.S. Probation Office in consultation with the EPA and the United States Attorney's Office, if necessary will have the right to periodically monitor the approved EMS during the probationary period and bring any violations to the attention of FORREST SEWER for corrective action, and to the Court, if corrective actions are not taken timely. At a minimum, the program will consist of the following:

1. Developing an environmental compliance manual covering general areas of federal, state and local environmental regulations, including management of industrial wastewater and grease; regulatory agency notifications in case of spills, releases, emissions or discharges of pollutants into the environment; dealings with regulatory inspectors and personnel, and the importance of accuracy, timeliness and honesty in reporting to regulatory agencies all information required by the Clean Water Act and other federal and state environmental statutes, regulation, programs and permits.

2. FORREST SEWER will assure that there is a system in place under which its employees are made aware they can report allegations of environmental noncompliance to the appropriate federal, state and local regulatory agency, without fear of retribution. U.S.S.G. § 8B2.1 (b)(5)(C).

3. FORREST SEWER will set up a system for providing systematic training to new employees and refresher training for other employees on federal, state and local environmental statutes and regulations.

### B. Environmental Audit

FORREST SEWER shall engage an independent environmental consultant to conduct

4



annual environmental audits of its facility during the period of probation. The environmental auditor will follow generally accepted environmental auditing techniques, procedures and policies in designing and executing the audits, including the reporting of deficiencies and corrective measures. Defendant shall provide a copy of the annual audits to the U.S. Probation Office, and the United States Attorney's Office, for their review.

### 5. Corporate Authorization

The defendant will provide to the Court and to the United States written evidence in the form of a notarized resolution of the Board of Directors with both notary and corporate seals, certifying that the defendant corporation is authorized to plead guilty to the charges set forth in the Information, and to enter into and comply with all provisions of this agreement. The resolution shall further certify that the persons representing the defendant corporation are authorized to take these actions and that all corporate formalities, including but not limited to, approval by the defendant's directors, required for such authorization, have been observed.

### 6. Organizational Changes

The defendant shall not, through a change of name, business reorganization, sale or purchase of assets, divestiture of assets, or any similar action, seek to avoid the obligations and conditions set forth in this plea agreement. This plea agreement, together with all of the obligations and terms hereof, shall inure to the benefit of and bind partners, assignees, successors-in-interest, or transferees of the defendant. Any sale, transfer, or other re-organization of the business as referenced in this paragraph shall be subject to approval of the Court.



### 7. Factual Basis for the Plea

The defendant will plead guilty because the defendant is in fact guilty of the charged offenses. The defendant admits the facts set forth in the statement of facts filed with this plea agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The statement of facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines.

### 8. Assistance and Advice of Counsel

The defendant is satisfied that its attorneys have rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal corporate defendants include the following:

a. the right to plead not guilty and to persist in that plea;

b. the right to a jury trial;

c. the right to be represented by counsel; and

d. the right at trial to confront and cross-examine adverse witnesses, to testify and present evidence, and to compel the attendance of witnesses.

### 9. Role of the Court and the Probation Office

The parties agree that this agreement was negotiated and agreed upon pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The defendant has no right to withdraw the plea if the court does not follow the recommendation or request.

### 10. Waiver of Appeal

The defendant also understands that Title 18, United States Code, Section 3742(a) affords

6

a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and sentence imposed, unless the sentence is in violation of the law.

### 11. Immunity from Further Prosecution in this District

In return for the complete fulfillment by the defendant of its obligations under this agreement, the United States will not further criminally prosecute the defendant, or the company's Operations Manager, Derrick Whitehurst, in the Eastern District of Virginia for the criminal conduct known to the government, as set forth in the Criminal Information, and the Statement of Facts, or other violations of federal criminal law associated with the criminal conduct set forth in the Criminal Information and the Statement of Facts, which is known to the government as of the date of sentencing.

### 12. Breach of the Plea Agreement and Remedies

This agreement is effective when signed by the defendant, the defendant's attorneys, and an attorney for the United States.  The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorneys).  If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

a. The United States will be released from its obligations under this agreement. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

b. The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the

applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense; and

c. Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence.

### 13. Nature of the Agreement and Modifications

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and its counsel acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty. Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

By:

G. Zachary Terwilliger
United States Attorney

Joseph L. Kosky
Assistant United States Attorneys
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number - 757-441-6331
E-Mail - joseph.kosky@usdoj.gov

Defendant's Signature:   I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal information.   Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case.   I have read this plea agreement and carefully reviewed every part of it with my attorneys.   I understand this agreement and voluntarily agree to it.

FORREST SEWER PUMP SERVICE, INC.

Date: 7-24-19

By: *Rhonda O. Forrest*

Defense Counsel Signature: We are counsel for the defendant in this case.   We have fully explained to the defendant the defendant's rights with respect to the pending information.   Further, we have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and we have fully explained to the defendant the provisions that may apply in this case.   We have carefully reviewed every part of this plea agreement with the defendant.   To our knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 7/24/19

Gary Bryant
Attorney for FORREST SEWER PUMP SERVICE, INC.

10

U. S. DEPARTMENT OF JUSTICE
Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
|---|---|
| CRIM. ACTION NO.: | 2:19cr118 |
| DEFENDANT'S NAME: | FORREST SEWER PUMP SERVICE, INC. |
| PAY THIS AMOUNT: | $400.00 |

INSTRUCTIONS:

1. **MAKE CHECK OR MONEY ORDER PAYABLE TO:**
   *CLERK, U.S. DISTRICT COURT*

2. **PAYMENT MUST REACH THE CLERK'S OFFICE BEFORE YOUR SENTENCING DATE**

3. **PAYMENT SHOULD BE SENT TO:**

|  | In person (9 AM to 4 PM) | By mail: |
|---|---|---|
| **Alexandria cases:** | **Clerk, U.S. District Court**<br>**401 Courthouse Square**<br>**Alexandria, VA 22314** | |
| **Richmond cases:** | **Clerk, U.S. District Court**<br>**701 East Broad Street, Suite 3000**<br>**Richmond, VA 23219** | |
| **Newport News cases:** | **Clerk, U.S. District Court**<br>**2400 West Ave, Ste 100**<br>**Newport News, VA   23607** | |
| **Norfolk cases:** | **Clerk, U.S. District Court**<br>**600 Granby Street**<br>**Norfolk, VA 23510** | |

4. INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER
5. ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT